**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION**

| | | |
|---|---|---|
| **BEWLEY'S BODY SHOP,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION** |
| | § | **NO. _____** |
| **ALLSTATE INSURANCE** | § | |
| **COMPANY AND KEN DAVIS** | § | |
| | § | |
| **Defendants.** | § | |

---

**DEFENDANT ALLSTATE INSURANCE COMPANY'S
NOTICE OF REMOVAL**

---

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. Sections 1441 and 1446, Defendant, Allstate Insurance Company ("Allstate") in Cause No. 19836, pending in the 32nd Judicial District Court of Nolan County, Texas, files this Notice of Removal from that court to the United States District Court for the Northern District of Texas, Abilene Division, on the basis that federal diversity jurisdiction exists, and in support thereof, Allstate respectfully shows this Court as follows:

**I.
FACTUAL BACKGROUND**

1.1    This case arises out of an insurance claim for damages allegedly incurred during a hail storm on or about April 18, 2016. On August 31, 2017, Plaintiff Bewley's Body Shop ("Plaintiff") filed its Original Petition in the matter styled *Bewley's Body Shop v. Allstate Insurance Company and Ken Davis,* Cause No. 19836; in the 32nd Judicial District Court of Nolan County, Texas, in which Plaintiff asserts Defendants failed to properly adjust its claim for

**DEFENDANT ALLSTATE INSURANCE COMPANY'S NOTICE OF REMOVAL** – Page 1

damages to its property under its commercial property insurance policy issued by Allstate.  In addition, Plaintiff also asserts claims against Defendants under the Texas Insurance Code and Texas Deceptive Trade Practices Act.

1.2     Plaintiff served the registered agent for Allstate with the citation and Plaintiff's Original Petition on October 13, 2017.

1.3     Defendant files this Notice of Removal within the thirty-day time period required by 28 U. S. C. Section 1446(b).

1.4     All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. §1446(a).   A copy of this Notice is also concurrently being filed with the state court and served upon the Plaintiff.

1.5     As required by 28 U.S.C. § 1446(a), attached hereto as Exhibit "1" is the Index of State Court Documents. A copy of the Nolan County District Clerk's file for this case is attached as Exhibit "2", which includes true and correct copies of all executed process, pleadings and orders, and a copy of the docket sheet/case information sheet.

## II.
## BASIS FOR REMOVAL

2.1     As explained below, Allstate removes this case to federal court pursuant to 28 U.S.C. Sections 1332(a)(1), 1441(a), and 1446, because the requirements for federal diversity jurisdiction are satisfied.

### A.     THE PROPER PARTIES ARE OF DIVERSE CITIZENSHIP

2.2     Upon information and belief, and as plead in Plaintiff's Original Petition, Bewley's Body Shop is, and was at the time the lawsuit was filed, an entity located in Nolan County, Texas.  *See* Exhibit "2A" Plaintiff's Original Petition at p.1.

DEFENDANT ALLSTATE INSURANCE COMPANY'S NOTICE OF REMOVAL – Page 2

2863723v2
03647.359

2.3     Defendant Allstate is an Illinois corporation with its principal place of business in Illinois and is a citizen of the State of Illinois for diversity purposes.  Accordingly, Allstate is of diverse citizenship to Plaintiff.

2.4     Defendant Ken Davis ("Davis") is, and was at the time the lawsuit was filed, a resident and citizen of the State of Texas. To date, Davis has not been served notice of this lawsuit. With respect to the claims against Davis, however, it is Allstate's position that he has been improperly joined in this action and that he is not a proper party.  Therefore, as explained below, the Court should disregard Davis' Texas citizenship for the purposes of evaluating diversity in this matter.

**B.      DEFENDANT KEN DAVIS IS IMPROPERLY JOINED**

2.5     With respect to the claims against adjuster Defendant Davis, it is Defendant Allstate's position that he has been fraudulently and/or improperly joined in this action and is therefore is not a proper party to this lawsuit.  Therefore, the Texas citizenship of Defendant Davis should be disregarded for the purposes of evaluating diversity in this matter.

*1.      Standard for Improper Joinder*

2.6     The doctrine of fraudulent joinder ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity. *See Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). The Fifth Circuit has explained that improper joinder is established where the defendant shows (1) actual fraud in the jurisdictional pleadings of the facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (citing *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir.

2004)); *Jimenez v. Travelers Indem. Co.*, No. H-09-1308, 2010 WL 1257802, *1 (S.D. Tex. Mar. 25, 2010).

2.7     Under the second prong, the test for improper joinder is that "there is no reasonable basis for the circuit court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573; *see Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, No. H-09-1728, 2009 WL 3602043, at *1 (S.D. Tex. Oct. 27, 2009). The Fifth Circuit's en banc decision in *Smallwood* unequivocally adopted this phrasing as the test for fraudulent joinder. Id. ("To reduce possible confusion, we adopt this phrasing of the required proof *and reject all others*, whether the other appear to describe the same standard or not.") (emphasis added).

2.8     The court may resolve the issue of whether a plaintiff has a reasonable basis of recovery in one of two ways. *Id.* "The court may [either] conduct a Rule 12(b)(6) analysis of the complaint to determine whether the plaintiff states a claim or using a summary inquiry to identify discrete and undisputed facts that would preclude recovery. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, No. 14-20552, 2016 WL 1274030, at *8 (5th Cir. Mar. 31, 2016) *(quoting Smallwood, 385 F.3d at 573).* "To pass muster under Rule 12(b)(6), [a] complaint must have contained 'enough facts to state a claim to relief that is plausible on its face." *Id.; Reece v. U.S. Bank Nat'l Ass'n,* 762 F.3d 422, 424 (5th Cir. 2014); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (U.S. 2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility

that a defendant has acted unlawfully." *Id.*; see also *Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party. *Waters v. State Farm Mut. Auto. Ins. Co.*, 158 F.R.D. 107, 109 (S.D. Tex. 1994). As the Fifth Circuit has held, removal jurisdiction is to be determined by the claims in the state court petition. *See Cavallini v. State Farm Mut. Ins.Co.*, 44 F.3d 256, 264 (5th Cir. 1995); *see also Borg v. Metropolitan Lloyd's of Texas*, 2012 WL 12539326, at *2 (W.D. Tex. Nov. 26, 2012) ("The Court is persuaded that it cannot consider Plaintiffs Amended Complaint in determining whether remand is proper.").

2.9    Here, as explained below, Plaintiff fails to offer any specific facts in support of its claim against the adjuster Defendant Davis and therefore it fails to make the required "factual fit between [its] allegations and the plead theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).  *See* Exhibit "2A" Plaintiff's Original Petition at p. 9.

### 2.    *The Undisputed Facts show there is No Factual or Legal Basis for Recovery against Ken Davis.*

2.10    On September 1, 2016, Plaintiff reported a claim to Allstate for damages to the metal roof of its property allegedly sustained during a hail storm that had occurred on or about April 18, 2016. The subject property ("property"), covered under Plaintiff's commercial insurance policy ("policy"), is a single-story vehicle repair and paint shop located on 901 Pecan Street, Sweetwater, Texas 79556.

2.11    Allstate responded to Plaintiff's claims by retaining the services of Pilot Catastrophe Services, Inc. ("Pilot"), an independent adjusting company, to conduct an inspection of the property. Pilot then assigned Ken Davis ("Davis"), an independent adjuster employed by

Pilot, to contact Plaintiff to schedule a date for Davis to inspect the property. On September 6, 2016, Davis met with Plaintiff's roofing contractor and inspected the roof of the property, taking numerous photographs of the conditions he observed. *See* Exhibit "4". Davis then provided an estimate of the costs to repair those damages he observed to Allstate. *Id.*

2.12    In the course of its investigation of the claim, Allstate also determined that Plaintiff had previously made a prior claim with Allstate for hail damage to the property in 1999, and that there had also been another hail storm capable of damaging Plaintiff's property in May of 2013.

2.13    In light of this information, Allstate retained professional engineer R. Kean Jenner, P.E. ("Jenner") from Haag Engineering Co. to inspect the roof to determine the cause and age of any hail-related damage observed on the property. Jenner inspected the insured's roof on October 6, 2016 and prepared a report of his findings to Allstate. *See* Exhibit "5". After receiving Jenner's report, Allstate concluded its investigation and prepared its coverage determination on the claim. By letter dated December 29, 2016, Allstate provided a summary of the information Allstate had relied in making its coverage determination, which included an estimate of the damages observed and evaluated by Jenner. *See* December 29, 2016 Allstate Letter to Plaintiff attached as Exhibit "6".

2.14    Allstate determined that the replacement cost value of the covered damages totaled $81,878.21, which after applying the policy deductible and subtracting recoverable depreciation, resulted in a net actual cash value payment of $53,336.43. At no point was Davis involved in making a coverage decision under the policy or communicating Allstate's coverage position to Plaintiff. Davis' only role was to photograph and report the conditions he observed to

Allstate. For this reason alone, there are no facts that could plausibly support a claim against Davis under the Insurance Code. *Id.*

2.15    Additionally, Plaintiff's failure to plead any actionable claims against Davis is underscored by Plaintiff's failure to comply with the pre-suit notice requirements set forth in § 541.154 of the Texas Insurance Code. §§ 541.154(a) and (b), requires "a person seeking damages in an action against another person, […] must provide written notice to the other person not later than the 61st day before the date the action is filed. The notice must advise the other person of: (1) the specific complaint; and (2) the amount of actual damages and expenses, including attorney's fees reasonably incurred asserting the claim against the other person." In this case, Plaintiff has never provided Allstate or Davis with any indication of the amount of damages Plaintiff is claiming and therefore Plaintiff has no facts to support the allegations that Davis and/or Allstate undervalued or improperly investigated its claim. To the contrary, Allstate has paid Plaintiff for the undisputed damages and explained to Plaintiff how to recover the withheld depreciation (totaling up to $28,878.21), but Plaintiff filed suit without ever presenting the requested estimate for damages and without providing the required pre-suit notice of its claims. *See* Exhibit "6". (letter explaining actual cash value ("ACV") payment of undisputed damages and instructions on how to recover funds if further repairs are needed).  As a result, Plaintiff's failure to comply with the Insurance Code's pre-suit notice requirements further supports Allstate's position that Plaintiff's sole purpose in including Davis as a party to this lawsuit was to improperly defeat diversity jurisdiction.

**3.     The Factual Allegations contained in Plaintiff's Original Petition provide No Reasonable Basis to predict Plaintiff could recover against Davis**

2.16    Not only do the facts of this insurance claim, as briefly explained above, demonstrate that Davis did not make any representations about insurance coverage or policy language to Plaintiff, but Plaintiff's Original Petition also fails to articulate how the conduct of Davis constitutes a plausible cause of action against him.  *See McClelland v. Chubb Lloyd's Ins. Co. of Tex., et al.*, 2016 WL 5791206, at *3 (W.D. Tex. Sept. 30, 2016) ("Plaintiff has failed to allege, however, that [defendant] had authority to settle plaintiffs' claim, and therefore cannot establish this cause of action against [defendant]"). In this case, Plaintiff's Petition merely recites the provisions of the Insurance Code that Plaintiff alleges Davis violated without providing any factual basis supporting Plaintiff's claims. Repeating statutory language is not the same as pleading actionable facts to which a statute should apply. To the contrary, Plaintiff's failure to mention any actionable facts related to the conduct of the adjuster Defendant Davis constitutes a failure to state a claim and results in fraudulent joinder of that party. *See*, e.g., *Lakewood Chiropractic Clinic*, 2009 WL 3602043, at *3 (holding that "near verbatim recitations of portions of Chapters 541 and 542 of the Texas Insurance Code" without "facts illustrating what actions are attributable to [the adjuster] individually" does not provide a reasonable basis of recovery)

2.17    As recently explained by this Court in *Singh & Singh LLC d/b/a Econo Lodge Stephenville v. Berkley Assurance Company, Gentry & Associates Claims Service LLC d/b/a NCA Group, & Joe Davidson.*, a petition consisting of boilerplate allegations, broad conclusions, and a failure to allege specific facts substantiating its claims, like the claims Plaintiff alleges in

this case, does not satisfy the federal pleading requirements. *See Singh & Singh LLC d/b/a Econo Lodge Stephenville v. Berkley Assurance Company, Gentry & Associates Claims Service LLC d/b/a NCA Group, & Joe Davidson*., No. 4:16-CV-00481-O, 2017 WL 3723770, at *3 (N.D. Tex. Feb. 13, 2017) In *Singh*, the plaintiff alleged the non-diverse adjuster violated section 541.060 but failed to allege any further specific facts to substantiate these claims. *Id*. Instead, Singh made the following general statements:

> "The Adjusters failed to inspect the property and the damages, failed to request information, failed to timely evaluate the claim, failed to timely estimate the claim . . ."
> "The Adjusters' actions were negligent, reckless, willful and intentional, and were the proximate and producing cause of the damages to the Insured."
>
> "Where statements were made by the Adjusters, Plaintiff reasonably relied upon them."

*See Id*. at *3. This Court held that "[s]tatements like these, without more, do not satisfy the [federal] pleading requirements of Rule 8(a) or 9(b)." *Id* citing *Patel v. Acceptance Indemnity Insurance Company*, 2016 WL 361680 *4 (N.D. Tex. Jan. 28, 2016).

2.18    Furthermore, as explained by Judge John McBryde of the United States District Court for the Northern District of Texas Fort Worth Division in *Plascencia v. State Farm Lloyds and Feliciano Gallegos,* No. 4:14-CV-524-A (N.D. Tex. Sept. 25, 2014), the other allegations against Davis in the present matter are also insufficient because they are too conclusory to demonstrate a plausible right to relief. Like the generic allegations against Davis set forth in Plaintiff's Original Petition in this lawsuit, the only specific allegations against adjuster Feliciano Gallegos in *Plascencia* were as follows:

> Defendant Gallegos improperly adjusted the Plaintiff's claim.   Defendant Gallegos conducted a substandard inspection, which is evidenced in his report, which failed to include many of Plaintiff's damages.   His estimate did not allow adequate funds to cover repairs to restore Plaintiff's home.   Without limitation, Gallegos misrepresented the cause of, scope of, and cost to repair the damage to Plaintiff's Property, as well as the amount of and insurance coverage for Plaintiff's claim/loss under Plaintiff's insurance policy.

Gallegos made these and other misrepresentations to Plaintiff as well as to State Farm. Plaintiff and State Farm both relied on Gallegos's misrepresentations, including but not limited those regarding the cause of, scope of, and cost to repair the damage to Plaintiff's Property, and Plaintiff has been damaged as a result of such reliance. Gallegos's misrepresentations caused State Farm to underpay Plaintiff on his insurance claim and, as such, Plaintiff has not been able to properly and completely repair the damages to Plaintiff's property. This has caused additional, further damage to Plaintiff's property.

*Id.* at p. 4. The court in *Plasencia* concluded that these allegations are mere conclusory allegations that lack the factual specificity that would enable the court to infer that plaintiff has a plausible right of relief against the adjuster defendant. Because the "factual" allegations against Davis in this case are nearly identical to that of *Singh* and *Plasencia*, and therefore equally vague and conclusory, the Court should also conclude that Davis was improperly joined because Plaintiff's allegations against him fail to establish a plausible right to recover against him. *See* Exhibit "2A" at p. 9 *see also Barrera v. Allstate Ins. Co.*, 2017 WL 3274469 *10-11 (W.D. Tex. 2017) (slip copy) (finding virtually identical allegations against a non-diverse independent adjuster to be "clearly inadequate to state a claim against the [non-diverse adjuster]" and finding improper joinder); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, No. 4:09-cv-165-A, 2009 WL 1437837 at *4 (N.D. Tex. May 22, 2009) (finding factual allegations against an individual adjuster were insufficient); *Jones v. Allstate Ins. Co.*, No. 3:13-cv-4027-BN, 2014 WL 415951 (N.D. Tex. Feb. 4, 2014) (finding improper joinder because "simply stating that 'Defendants' made misrepresentations, failed to comply with the law, or refused to perform a duty under the law is not sufficient"); *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 3:13-CV-4101-P, 2014 WL 1347872 (N.D. Tex. Apr. 7, 2014) (allegations of misrepresentations about the facts giving rise to a claim were not sufficient to state claim for violations of the Texas Insurance Code).

2.19    Plaintiff's allegations against Davis for violations of the Texas Insurance Code also fail to demonstrate a reasonable basis to recover against him because Plaintiff fails to allege that Davis's alleged misrepresentations related to the "coverage at issue" or the details of Plaintiff's insurance policy with Allstate.  As explained by Judge Sidney Fitzwater of the United States District Court for the Northern District of Texas in *One Way Investments, Inc. v. Century Surety Company, et al*., 2014 WL 6991277 (N.D. Tex. 2014), the type of allegations alleged against Davis, all of which must relate to his inspection (since that is all Davis did), are not actionable under the Texas Insurance Code because they do not relate to misrepresentations about coverage provided by the terms of the policy.

2.20    Like this case, *One Way* involved a dispute over damage to One Way's property.  *Id.* at *1.  Like the present matter, Century Surety Company, as One Way's commercial property insurer, assigned VeriClaim as the independent adjusting company to inspect the property and VeriClaim assigned Mattoni as the field adjuster.  *Id.* After a dispute arose over the scope of damages, One Way filed suit against Century, VeriClaim, and Mattoni claiming the defendants misrepresented the damage to the property and committed various violations of the Texas Insurance Code.  *Id.* at *2.

2.21    As Plaintiff has alleged with respect to Davis in this case, *One Way* alleged that the non-diverse independent adjuster Mattoni failed to conduct a reasonable investigation and substantially underestimated and underscoped the damages.  *Id.* at p. 7.  The court considered whether such allegations could support a claim under the sections of the Texas Insurance Code identified in One Way's state court petition and concluded they could not.

2.22    The conclusions reached by the courts in *Singh, Plascencia, and One Way* are not isolated holdings either. Rather, there is a large body of authority from other federal courts in Texas, also finding improper joinder of adjusters where the factual allegations against them fail to fit the criteria for an actionable claim under the Texas Insurance Code. *See*, *e.g.*, *See McClelland v. Chubb Lloyd's Ins. Co. of Tex., et al.*, 2016 WL 5791206, at *3 (W.D. Tex. Sept. 30, 2016) (denying motion to remand and granting independent adjuster's motion to dismiss based on improper joinder); *Slabaugh v. Allstate Insurance Company*, No. 4:15-cv-115, 2015 WL 4046250 (E.D. Tex. June 30, 2015) (holding that while "it is undisputed that [the adjuster] inspected the property and provided Allstate with an estimation of damages.  There are no allegations that [the adjuster] misrepresented the coverage in any way or that Plaintiff relied on any misrepresentations to her detriment."); *Davis v. Allstate Ins. Co. of Texas*, No. 2015 WL 456726 (N.D. Tex. 2015); *Dalton v. State Farm Lloyds*, No. 2013 WL 3157532, at *19 (S.D. Tex. 2013); *First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co*., No. 1:07-CV-988, 2008 WL 4533729 at *6 (E.D. Tex. 2008); *Broadway v. Brewer*, No. 4:08-cv-475, 2009 WL 1445449 at *3 (E.D. Tex. 2009); *Glen Willows Apartments v. Lexington Ins. Co.*, 2011 WL 1044206 (S.D. Tex. 2011); *Centro Cristiano Cosecha Final*, 2011 WL 240335 at *14 (S.D. Tex. 2011); *Van Tassel v. State Farm Lloyds*, 2013 WL 5152324 (S.D. Tex. 2013) (allegations that an inspector conducted a substandard investigation that led to an underpayment of claims found to be indistinguishable from claims against the insurer).

2.23    These courts have consistently found improper joinder and declined to remand cases where, as here, the allegations against the adjuster were minimal, and only related to independent adjuster's determination of the scope of damage, not the application of insurance

coverage. *See, e.g., Dalton*, 2013 WL 3157532, at *19.   Accordingly, because Plaintiff's claims against Davis in this suit are nearly identical to the generic and conclusory claims in the authorities referenced above, and because the allegations simply cannot withstand scrutiny under Federal law, the Court should conclude, as other courts have done in virtually identical circumstances before, that Davis has been improperly joined.

2.24    In addition, Texas federal district courts have also consistently held that "[c]laims alleging violations of the Texas Insurance Code and the DTPA and those asserting fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject to the requirements of [Federal Rule] Rule 9(b)."  *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998) (applying Rule 9(b) "to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud."); *see also Barrera v. Allstate Ins. Co.*, 2017 WL 3274469 at *11; *Weidner v. Nationwide Prop. & Cas. Ins. Co.*, No. 4:13-CV-263, 2014 WL 8397281, at *5 (E.D. Tex. June 6, 2014) adopted in 2014 WL 8494527 (E.D. Tex. Aug. 19, 2014); *Atl. Cas. Ins. Co. v. Primelending, A Plainscapital Co.*, No. 3:15-CV-1475-D, 2016 WL 1322235, at *2 (N.D. Tex. Apr. 5, 2016); *Bige, Inc. v. Penn-Am. Ins. Co.*, No. 1-15-CV-292 RP, 2015 WL 5227726, at *4 (W.D. Tex. Sept. 8, 2015) ("Texas district courts, however, consistently apply Rule 9(b)'s requirements to claims under the Texas Insurance Code and DTPA.").   Rule 9(b) of the Federal Rules of Civil Procedure imposes a heightened pleading standard, which requires that plaintiffs "state with particularity the circumstances constituting fraud . . . ." FED. R. CIV. P. 9(b).   "At a minimum, [this] requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud."  *U.S. ex rel. Williams v. Bell Helicopter Textron Inc.*, 417 F.3d 450, 453 (5th Cir. 2005) (citing *United States ex. Rel.*

*Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)). "The court's key concern in assessing a complaint under Rule 9(b) is to determine whether the plaintiff seeks to redress specific wrongs or whether the plaintiff instead seeks the opportunity to search out actionable wrongs." *Atl. Cas. Ins. Co. v. Primelending, A Plainscapital Co.*, No. 3:15-CV-1475-D, 2016 WL 1322235, at *3 (N.D. Tex. Apr. 5, 2016).

2.25    Here, Plaintiff alleges that the "Adjuster Defendant" knowingly engaged in practices that violated the Insurance Code.[1]  *See* Exhibit "2A" at p. 10.  These allegations are nothing more than threadbare recitals of statutory language, supported by mere conclusory allegations, and Plaintiff does not specify when the alleged knowing and intentional representations were made, where the representations were made, and in what context they were made. Plaintiff's petition fails to state when, where, and how Davis fraudulently violated the Texas Insurance Code.  Thus, Plaintiff does not specify any of the particulars that Rule 9(b) requires.

2.26    Finally, as the court explained in *Plascencia*, there does not appear to be any reason why Plaintiff needed to join Davis as a defendant other than to defeat diversity jurisdiction, and there is no suggestion or allegation that a recovery by Plaintiff against Davis would provide any financial gain or otherwise improve his ability to recover the damages alleged in the Original Petition.

2.27    For these reasons, it is clear that Davis has been improperly joined for the sole purpose of preventing the exercise of diversity jurisdiction over this case. Therefore, the Court

---

[1]  Under Texas law, a defendant commits a knowing violation of the Insurance Code or DTPA when, at the time of the act or practice complained of, he acts with actual awareness of the falsity, deception, or unfairness of the act or practice.  *See Brown and Brown v. Omni Metals, Inc.*, 317 S.W.3d 361, 395 (Tex. App.-Houston [1st Dist.] 2010, pet.  Denied).

<u>**DEFENDANT ALLSTATE INSURANCE COMPANY'S NOTICE OF REMOVAL**</u> – **Page 14**
2863723v2
03647.359

should disregard Davis's Texas citizenship and find that there is diversity of citizenship between the proper parties because Plaintiff is a citizen of Texas and Allstate is a citizen of Illinois.

### C.    THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL REQUIREMENTS FOR SUBJECT MATTER JURISDICTION

2.28    The amount in controversy requirement for Federal diversity jurisdiction is definitively satisfied in this case as evidenced by Plaintiff's Original Petition in which Plaintiff expressly alleges that it seeks monetary relief "over $100,000 but not more than $200,000." *See* Ex. 2A at p. 14.   This amount clearly exceeds the jurisdictional requirements for subject matter jurisdiction, and demonstrates that the amount in controversy requirement is satisfied.

### D.    REQUIREMENT FOR CO-DEFENDANT TO AGREE TO REMOVAL DOES NOT APPLY BECAUSE CO-DEFENDANT HAS NOT BEEN SERVED

2.29    When a removal is based on diversity jurisdiction and no other statute authorizing removal applies, all defendants who have been properly joined and served in the suit must join in the notice of removal or consent to the removal. **28 U.S.C. 1446(b)(2)(A).**

2.30    In this case, Allstate has one named Co-Defendant – Ken Davis.

2.31    To date, Allstate's Co-Defendant – Ken Davis has not been served.

2.32    The fact that Allstate's Co-Defendant, Ken Davis, remains un-served at this time combined with Plaintiff's demonstrated intent not to pursue service of Allstate's Co-Defendant, Ken Davis, renders the requirement for Allstate's Co-Defendant, Ken Davis, to join or consent to this removal inapplicable. Accordingly, Allstate's Removal may properly move forward as filed.

## III.
## THE REMOVAL IS PROCEDURALLY CORRECT

3.1     Defendant Allstate's was first served with Plaintiff's Original Petition and process on October 13, 2017.  Defendant files this notice of removal within the 30-day time period required by 28 U.S.C. § 1446(b).

3.2     Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

3.3     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

3.4     Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

3.5     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Nolan County District Clerk, promptly after Defendant files this Notice.

## IV.
## DOCUMENTS AND EXHIBITS ACCOMPANYING REMOVAL

4.1     Simultaneously with the filing of this Notice of Removal, attached hereto as Exhibit "1" is an index of all documents filed in the state court action and a copy of each document.

4.2     Attached hereto as Exhibit "2" is a copy of the Docket Sheet/Case Information Sheet of the case pending in 32nd District Court of Nolan County, Texas.

4.2A    Attached hereto as Exhibit "2A" is a copy of Plaintiff's Original Petition.

4.2B     Attached hereto as Exhibit 2B is a copy of Citation issued to Ken Davis with an on September 5, 2017.

4.2C     Attached hereto as Exhibit 2C is a copy of Citation issued to CT Corporation Systems with an Affidavit of Service – Certified Mail showing Allstate was served on October 13, 2017.

4.2D     Attached hereto as Exhibit 2D is a copy of Defendant Allstate Insurance Company's Original Answer to Plaintiff's Original Petition.

4.4     Attached as Exhibit "3" is a copy of the Businessowners Policy Declarations Page and Supplemental Policy Declarations Page.

4.5     Attached as Exhibit 4" is a copy of Defendant adjuster Ken Davis' Estimate and Photographs.

4.6     Attached as Exhibit "5" is a copy of engineer R. Kean Jenner, P.E.'s Haag Engineering Report.

4.7     Attached as Exhibit "6" is a copy of the December 29, 2016 Allstate Letter to Plaintiff.

## V.
## CONCLUSION

5.1     Based upon the foregoing, and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant, Allstate Insurance Company, hereby remove this case to this court for trial and determination.

Respectfully submitted,

/s/Daniel P. Buechler
Daniel P. Buechler
State Bar No. 24047756
Roy Mathews
State Bar No. 24083459

THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas  75201
Telephone:  (214) 871-8200
Facsimile:  (214) 871-8209
Email:  dbuechler@thompsoncoe.com
Email:  rmathews@thompsoncoe.com

**ATTORNEY FOR DEFENDANT
ALLSTATE INSURANCE COMPANY**


## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2017, I served the following document on counsel via electronic notice and U.S. Certified Mail, Return Receipt Requested:


Robert A. Pollom
Jake Rogiers
KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
        *Attorney for Plaintiff*


/s/Roy Mathews
Roy Mathews